United States District Court
Southern District of Texas
**ENTERED**
May 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIN POWERS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-03949 |
| | § | |
| LAW OFFICES OF MARCOS & ASSOCIATES, P.C., *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before me is Defendant's Motion to Amend Pleadings ("Motion to Amend"). Dkt. 35. Erin Powers ("Plaintiff") vigorously opposes the motion. Plaintiff's arguments are well-taken, but for the reasons explained below, I will **GRANT IN PART** and **DENY IN PART** Defendant's Motion to Amend.[1]

## BACKGROUND

Plaintiff filed this lawsuit on November 11, 2022 alleging copyright violations connected to a photograph of a firefighter standing in front of a burning staircase ("the Subject Photograph"). Plaintiff claims to be the "the sole owner of the exclusive rights in the Subject Photograph." Dkt. 1 at 3. Law Offices of Marcos & Associates, P.C. ("Defendant") answered the lawsuit on December 13, 2022. The Docket Control Order I entered set a February 24, 2023 deadline for amending pleadings, and a November 10, 2023 deadline for discovery.

On November 2, 2023, Defendant deposed Plaintiff. During Plaintiff's deposition, Defendant learned that Plaintiff knew that Defendant was using the Subject Photograph before Plaintiff filed the copyright for the photograph. Defendant believes this previously unknown fact is grounds for the affirmative

---

[1] A motion to amend the pleadings is a non-dispositive matter that I may rule upon by order, as opposed to a memorandum and recommendation. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 851 (5th Cir. 2010).

defense of estoppel. On November 16, 2023, Defendant deposed Patrick Lancton ("Lancton"), the President of the Houston Professional Firefighters Association ("HPFFA"). During Lancton's deposition, Defendant learned that ownership of the Subject Photograph is disputed between Plaintiff and the HPFFA. Defendant believes the facts underlying this dispute are grounds for the affirmative defense of "works for hire."

Within two weeks of Lancton's deposition, Defendant's counsel contacted Plaintiff's counsel to see if they would be opposed to Defendant amending its pleadings. Specifically, Defendant sought to add the affirmative defenses of works for hire, implied license, and estoppel.[2] Defendant also wanted to "clean up its counter-claim [requesting declaratory judgment] where it originally cited to the Texas Civil Practices & Remedies Code rather than the appropriate Federal Rule and Code." Dkt. 35 at 5. Plaintiff's counsel was opposed, at least in part, because the December 18, 2023 deadline for filing dispositive motions was fast approaching.

On December 7, 2023, Defendant filed a pre-motion conference letter as required by this court's procedures, requesting permission to amend, and offering to agree to extend the deadline for filing dispositive motions. Before the court addressed Defendant's pre-motion conference letter, the December 18, 2023 dispositive motion deadline came and went, and Plaintiff filed his Motion for Summary Judgment. Defendant's letter was referred to me on January 2, 2024. I held a pre-motion conference with the parties and set a briefing schedule for Defendant's motion to amend, which is now fully briefed.

## LEGAL STANDARD

Per the Docket Control Order that I entered in this case, after the deadline to amend pleadings expires, "a party seeking to amend pleadings must file a motion for leave demonstrating both good cause and excusable neglect in accordance with

---

[2] Defendant has since "withdraw[n] its request to add the affirmative defense of implied license." Dkt. 35 at 2.

2

[Federal Rule of Civil Procedure] 6(b)(1)(B)." Dkt. 12 at 1; *see also* FED. R. CIV. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). The factors relevant to determining "excusable neglect" are: (1) "the possibility of prejudice to the other parties"; (2) "the length of the applicant's delay and its impact on the proceeding"; (3) "the reason for the delay and whether it was within the control of the movant"; and (4) "whether the movant has acted in good faith." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (quotation omitted).

## ANALYSIS

In opposing Defendant's Motion to Amend, Plaintiff correctly notes that Defendant fails to identify or discuss the Rule 6(b) standard. Even so, Defendant has supplied enough information in its motion that I can determine whether Defendant's neglect was excusable and good cause exists to permit any amendment. I will address each requested amendment in turn.

### A. WORKS FOR HIRE

The works for hire doctrine provides that, unless the parties have expressly agreed otherwise in writing, "the employer or other person for whom the work was prepared is considered the author" for copyright purposes and "owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b). Because Plaintiff "always maintained that he is the sole owner of the photograph in question" and "never divulged that there was an ongoing dispute between him and the HPFFA as to the ownership of the photograph in question," Defendant did not know the works for hire defense might even be available to it until it deposed Lancton on November 16, 2023. Dkt. 35 at 2. Thus, the delay in requesting this amendment was not within Defendant's control.

Yet, Plaintiff argues the delay *is* Defendant's fault because Defendant set Lancton's deposition for "a date after the close of fact discovery." Dkt. 36 at 6. Plaintiff could have, but did not, object to Defendant taking a deposition after the

3

close of discovery. "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, *or other discovery efforts*, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) (emphasis added). Having agreed to take Lancton's deposition after the close of discovery, Plaintiff cannot now complain about the timeliness of the deposition.

On the same day Defendant took Lancton's deposition, the parties *jointly* moved to extend the dispositive motion deadline to December 18, 2023, to which the court agreed. *See* Dkts. 22, 23. Defendant filed its pre-motion conference letter on December 7, 2023, 11 days *before* the new dispositive motion deadline. The court did not address Defendant's request until after December 18, 2023, but that is not Defendant's fault. Defendant acted quickly, and in good faith, after learning during Lancton's deposition that it may have grounds for a works for hire defense.

Of course, the most important factor here is whether Plaintiff will be prejudiced by Defendant amending its pleadings to add the works for hire defense. As Plaintiff notes, Defendant "has already addressed the 'work for hire' doctrine [in] its opposition to [Plaintiff's] Motion for Summary Judgment." Dkt. 36 at 8. Moreover, Plaintiff concedes that it "thoroughly briefed both how the subject photograph is not a work for hire as a matter of law, and how [Defendant] fails to adduce any evidence to the contrary." *Id.* at 12. The parties have already fully briefed the works for hire defense. Defendant does *not* request an extension to the discovery period. Thus, I see no prejudice whatsoever in allowing Defendant to amend its answer to include an already-briefed affirmative defense. The court is going to rule upon the issue anyway—because it has already been litigated at the summary judgment stage—and there will be no delay to these proceedings. Thus, I will allow Defendant to amend its pleadings to add the affirmative works for hire defense. I will not, however, allow Defendant's other requested amendments.

**B.    DEFENDANT FORFEITED ITS ESTOPPEL DEFENSE**

On November 2, 2023, Defendant learned that Plaintiff knew Defendant was using the Subject Photograph before Plaintiff filed for copyright for the Subject

4

Photograph. This information is the basis of Defendant's request to amend its pleadings to add an estoppel defense. Yet, Defendant waited *five weeks* after learning this information before it requested to amend its pleadings. Defendant offers no excuse for this delay. That is unacceptable. *See EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (affirming district court's refusal to permit the defendant to amend its pleadings where it "dragged its feet" and failed to explain why). Moreover, if I were to permit Defendant to amend its pleadings to add an estoppel defense, the parties would need to revisit the summary judgment briefing. Such a delay would unquestionably prejudice Plaintiff. Such prejudice to Plaintiff is intolerable given Defendant's inexplicable five-week delay in requesting to amend its pleadings after learning the relevant information.

More importantly, as Plaintiff notes, Defendant *failed* to brief the estoppel defense in opposing Plaintiff's Motion for Summary Judgment, despite having the information it needed to do so, *and despite briefing the works for hire defense.* I wholeheartedly agree with Plaintiff that "[b]ecause [Defendant] has already taken the opportunity to raise one [of] its proposed amended defenses on summary judgment while neglecting to invoke the other[, Defendant's] own conduct shows that adding [the estoppel defense is pointless]." Dkt. 36 at 8. Accordingly, I find that Plaintiff has forfeited the affirmative defense of estoppel. *See Crown Castle Fiber, L.L.C. v. City of Pasadena*, 76 F.4th 425, 438 (5th Cir. 2023) ("Parties forfeit contentions by inadequately briefing them[.]").

### C.    DEFENDANT'S DECLARATORY JUDGMENT COUNTERCLAIM IS MOOT

In its Original Answer and Counterclaim, Defendant seeks, "[p]ursuant to Chapter 37, Texas Civil Practice and Remedies Code, . . . a declaration by this Court that [Plaintiff] is not entitled to profits, statutory damages, or attorney's fees." Dkt. 7 at 3. Defendant meant to say "[p]ursuant to Rule 57 of the Federal Rules of Civil Procedure, and pursuant to 28 U.S.C. § 2201." Dkt. 35-4 at 4. Defendant filed its Original Answer and Counterclaim on December 13, 2022. The only explanation Defendant offers for waiting *nearly one whole year* to change the law under which

Defendant seeks declaratory judgment is "an oversight by the original attorney who drafted the counter-claim." Dkt. 35 at 5. That just will not cut it. Defendant "cannot invoke an equitable principle, like excusable neglect, to pardon its own lack of diligence." *Crown Castle Fiber LLC v. City of Pasadena*, 618 F. Supp. 3d 567, 579 (S.D. Tex. 2022) (denying motion for leave where the defendant's only explanation for its delay was an "oversight"), *aff'd sub nom. Crown Castle Fiber*, 76 F.4th 425.

Despite there being no excusable neglect, I would be inclined to permit this amendment because Plaintiff has been on notice that Defendant seeks a declaratory judgment since Defendant filed its Original Answer and Counterclaim. But the simple fact of the matter is this: Defendant's counterclaim for declaratory judgment is pointless. "The Declaratory Judgment Act is designed to afford parties, threatened with liability, but otherwise without a satisfactory remedy, an early adjudication of an actual controversy." *Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990). "Courts in the Fifth Circuit regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the claims in the lawsuit." *Am. Equip. Co. v. Turner Bros. Crane & Rigging, LLC*, No. 4:13-cv-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014) (collecting cases).

What Defendant seeks through its declaratory judgment counterclaim is essentially a contrary ruling on Plaintiff's claims. If Plaintiff's claims fail—a merits question on which I take no stance at this juncture—Defendant will receive a judgment from this court to that effect with or without asserting a declaratory judgment counterclaim. Because Defendant's declaratory judgment counterclaim is "a mirror image" of Plaintiff's copyright claims, the counterclaim is moot. *Jones v. Nike, Inc.*, No. 3:22-cv-00103, 2024 WL 992200, at *7 (S.D. Tex. Feb. 20, 2024) (quotation omitted). There is no point in permitting Defendant to amend its pleadings to clarify the basis of a moot counterclaim. So, I will deny Defendant's

Motion to Amend insofar as it seeks to clarify the basis of its declaratory judgment counterclaim.

## CONCLUSION

For the reasons discussed above, I **GRANT IN PART** and **DENY IN PART** Defendant's Motion to Amend. Dkt. 35. Defendant may amend its Original Answer and Counterclaims to assert the affirmative defense of works for hire; Defendant has forfeited the affirmative defense of estoppel; and Defendant's request to amend its declaratory judgment counterclaim is moot. Defendant's amended pleadings must be filed by Friday, May 17, 2024.

SIGNED this ___ day of May 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

7